**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4307-18T4

ENGINE DISTRIBUTORS, INC.,

    Plaintiff-Appellant,

v.

ARCHER & GREINER, PC,

    Defendant-Respondent.

_____

Submitted June 3, 2020 – Decided July 1, 2020

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1147-17.

Goldberg & Wolf, attorneys for appellant (Alan Lee Frank and Robert Brookman, on the briefs).

Archer & Greiner, attorneys for respondent (Ellis I. Medoway and Edward J. Kelleher, on the brief).

PER CURIAM

Plaintiff Engine Distributors, Inc. (EDI) appeals from a May 1, 2019 order

denying its motion for summary judgment and granting defendant Archer &

Greiner, PC's (Archer) motion for summary judgment and dismissal of EDI's malpractice complaint. We reverse and remand for further proceedings.

EDI was represented by an attorney in various legal matters beginning in the late 1970s. Floyd Glenn Cummins was EDI's president and majority shareholder. In 2003, EDI's attorney defended EDI in an age discrimination lawsuit. That attorney later joined Archer as a partner in 2005, and there, another partner assisted him on the discrimination case. During that representation, Archer received EDI's financial records regarding compensation, profit and loss, sales commission, expense reports and financial charts for the time period between 1999 and 2002. In June 2007, EDI terminated Archer's representation altogether.

Archer sued EDI for its outstanding legal fees and EDI counterclaimed alleging malpractice. In 2010, the parties settled the matter and signed a general release. The attorney who brought EDI to Archer and was EDI's lead counsel, left the firm in July 2013.

In October 2013, Lisa Cummins retained Archer to represent her in a divorce from Glenn.[1] Although Glenn retired from EDI in 2015, Lisa argued

---

[1] We utilize Glenn rather than Floyd because he is referred to accordingly in the record. We utilize Glenn and Lisa's first names because they share a common surname. We intend no disrespect.

EDI was his alter ego. The Family Part judge agreed and granted Lisa's motion to join EDI as a party in the divorce.

In October 2017, EDI filed a motion to disqualify Archer as Lisa's counsel based on the firm's past representation of EDI. The Family Part judge reviewed relevant evidence, including depositions of the Archer attorneys who previously represented EDI, and denied the motion. The judge found Glenn to be a "recalcitrant litigant" because he

> knew there was a conflict four years ago. He chose to allow this representation to continue, not only knowing that [Archer] had represented his company on a number of litigation efforts on his behalf, but they had also entered into litigation between them . . . they were suing each other over fees. . . . It is unfathomable to me that a savvy businessman . . . would allow that representation to continue other than to at some point in the future try to use it as a sword.
>
> . . . [Lisa] has had a long road with . . . [Archer] and the conflict wasn't raised until December . . . of 2016. Then [EDI] agreed, along with [Glenn and Lisa], to enter into binding arbitration . . . .
>
>      . . . .
>
> Unless [the Law Division judge] determines that there is a conflict, I'd be willing to reconsider this, but I think also that when we agreed to enter into binding arbitration we decided that we weren't going to assert this conflict issue, and I deem that to be consent on the part of EDI.

The judge ordered the parties to return to arbitration.

In June 2017, prior to the decision in the family case, EDI filed a complaint in the Law Division against Archer alleging legal malpractice, namely, violation of Rule of Professional Conduct (RPC) 1.9 and 1.10; breach of contract; and breach of fiduciary duty. EDI's complaint alleged Archer's representation of Lisa damaged it because Archer used confidential information it learned during its previous representation of EDI against EDI in the matrimonial litigation. It also alleged Archer's prior representation of EDI included work on bank loan transactions as well as review of tax returns, bank statements, sales commission reports, sales reports, expense reports, confidential financial reports, and financial charts that included sales metrics and gross profits. EDI alleged Archer also knew the identities of EDI's clients, key suppliers, and distributors. EDI alleged its attorney analyzed Glenn and Lisa's pre-nuptial agreement before its execution. The complaint alleged Archer's knowledge about details of prior loan instruments gave it insight into an asset loan agreement that EDI entered into after Archer's representation terminated.

During discovery, EDI served deposition notices on three attorneys at Archer, namely, Lisa's divorce attorney, the attorney who assisted the lead

4

attorney in the discrimination case, and the firm's corporate designee. EDI also subpoenaed its former lead attorney for a deposition. After successive motion practice before the Law Division judge, EDI deposed the Archer attorney who worked on the discrimination case with the lead attorney, Archer's corporate designee, and the lead attorney. EDI's requests to depose Lisa's matrimonial attorney, or alternatively have an adverse inference drawn for Archer's failure to produce the attorney for a deposition, were denied.

In January 2019, EDI and Archer filed motions for summary judgment, which are the subject of this appeal. The Law Division judge granted Archer's motion for summary judgment on collateral estoppel grounds. The judge found the conflict of interest issue and the evidence involved was identical to the issue the Family Part judge decided. The Law Division judge also found "the conflict of [interest] issue was actually litigated before [the Family Part judge]. Unlike a stipulated issue [or a] similarly non-litigated issue, the conflict . . . issue was zealously argued by the parties" and decided with finality because "[a]t the same time, the instant litigation was initiated[,] and the parties were on notice that [the Family Part judge]'s decision may have an effect on the civil action." The judge concluded

> the conflict of interest issue was essential to [the Family
> Part judge]'s prior denial of the motion to disqualify. In

the instant case, [EDI] asserts claims of professional negligence, breach of contract and breach of fiduciary duty; however, underlying all of these claims is the alleged conflict of interest. The issues necessary to find a conflict here, such as the scope of [Archer]'s former representation of [EDI], were essential to [the Family Part judge]'s decision not to disqualify [Archer] as [Lisa]'s counsel. Last, the party against whom the doctrine is asserted, [EDI], was the moving party in the matrimonial action.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019). Under this standard, summary judgment is granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

EDI argues the Law Division judge erroneously applied the doctrine of collateral estoppel because: (1) the Family Part judge's findings were dicta and unessential to that court's decision; (2) the Law Division judge never made a final determination on the conflict of interest issue; (3) EDI never had a full and fair opportunity to establish that Archer's representation of Lisa constituted a conflict of interest; (4) the issues precluded were not identical to the issues decided in the matrimonial case; (5) the judge misread the Family Part judge's

statements regarding the conflict of interest; and (6) even if all the elements of collateral estoppel were present, the Family Part judge's determination was erroneous because she decided the conflict of interest issue without the benefit of the relevant evidence, namely, the barred deposition.

EDI also argues the Law Division judge should have granted its motion for summary judgment because Archer violated the RPCs and breached its duty of loyalty to EDI by joining it in the matrimonial matter, which was substantially related to Archer's prior representation of EDI. EDI asserts the judge improperly denied it the opportunity to depose Lisa's matrimonial attorney or alternatively grant it an adverse inference.

RPC 1.9(a) states: "A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." RPC 1.10(a) states: "When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by . . . RPC 1.9 . . . ." Although a "[v]iolation of the rules of professional conduct do[es] not per se give rise to a cause of action in tort," Sommers v. McKinney, 287 N.J. Super. 1, 13 (App. Div. 1996),

A-4307-18T4

"the existence of a duty owed by an attorney may be supported by reference to an attorney's obligation under the RPCs, and that plaintiffs may present evidence that an attorney has violated the RPCs in cases claiming the attorney has breached his or her duty of care." Baxt v. Liloia, 155 N.J. 190, 199-200 (1998).

In addition to the first count of EDI's Law Division complaint alleging violations of RPC 1.9 and 1.10, the second and third counts for breach of contract and breach of fiduciary duty are grounded in the assertion that Archer violated the RPCs, namely, that the alleged disclosure and use of confidential information gained from Archer's prior representation, occurred when Archer began representing Lisa.

Our de novo review of the record shows EDI waived the right to seek Archer's disqualification in the matrimonial matter. However, the Family Part judge did not adjudicate the conflict of interest issue. Indeed, the Family Part judge left open the possibility that the Law Division judge's adjudication of the issue could conclude there was a conflict of interest. For these reasons, collateral estoppel did not apply. See Hennessey v. Winslow, 183 N.J. 593, 599 (2005) (requiring, among other factors, that the issue in the prior litigation be substantially similar or identical to the issue in the second case, and that the issue was actually litigated in the first case).

Whether Archer was disqualified on grounds of a conflict of interest was essential to address the claims in EDI's Law Division complaint because the conflict of interest was a condition precedent to finding a breach of contract and fiduciary duty. We cannot conclude the conflict of interest was waived where the issue was not actually adjudicated. For these reasons, we reverse and remand the matter to the Law Division judge to determine whether there was a conflict of interest and if further discovery is needed to decide this dispute.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION